IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) | CIV. NO. 19-00312 JAO-KJM |
|---|---|---|
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN TODD THOMAS, *et al.*, WITH I/M LANGBRIDGE, JOSHUA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DISMISSAL ORDER**

Before the court is pro se prisoner Francis Grandinetti's pleading, titled "On Habeas Corpus Complaint On TRO and PI Application." ECF No. 1. Grandinetti apparently complains about the conditions of confinement at the Saguaro Correctional Center ("SCC"); he clearly does not challenge his conviction or sentence, or seek earlier release. The Court therefore construes this pleading as a civil rights complaint brought pursuant to 42 U.S.C. § 1983, rather than as a petition for writ of habeas corpus. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (discussing when an action properly seeks habeas relief and when claims are not within the "core of habeas" and must be brought pursuant to 42 U.S.C. § 1983); *see also Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir.

2005) ("*Andrews I*") (recognizing that prisoners sometimes mislabel civil rights actions as habeas petitions to avoid the penalties imposed by 28 U.S.C. § 1915(g)).

## I. BACKGROUND

Although somewhat unclear, Grandinetti complains about incidents that occurred at SCC, which is located in Eloy, Arizona, between May 2 and 10, 2019, between him and Defendant inmate Joshua Langbridge. Grandinetti alleges that Langbridge is a "(Gang/STG roommate)." *Id.* at PageID #2. Exhibits attached to Grandinetti's Complaint reveal that he did not want a cellmate and did not want to participate in SHIP1 programming. Grandinetti complains of "[c]onstant gang-threats, PREA, and gang punishments from [Langbridge] (Cell lights always off, no rec, 'no writing;' constant verbal fights, arguments over toilet use, etc.) 'BIBB gang.'" *Id.*

On or about May 10, 2019, Grandinetti reported that Langbridge possessed contraband. Langbridge called Grandinetti a rat and a traitor, and threatened him. Prison staff separated Grandinetti and Langbridge into different areas of the module. Grandinetti remains separated from Langbridge and, to date, nothing has happened. Grandinetti apparently feels threatened by Langbridge and other gang members. Prison staff are aware of the incident and apparently moved Grandinetti back to Ship1 on May 16, 2019.

## II.  28 U.S.C. § 1915(g)

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g)[1] and may not proceed without prepayment of the complete civil filing fee, unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) ("*Andrews II*").  Nothing within the record suggests that Grandinetti is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger."  *Id.* at 1056.  Rather, Grandinetti's exhibits show that he alerted SCC prison officials regarding his fears, has been separated from Langbridge, and is seen regularly by prison mental and medical personnel.

Grandinetti also fails to explain why he brings this suit, in which he challenges conditions of confinement at SCC, in the District of Hawaii, rather than in the District of Arizona, where SCC is located and any events at issue presumably occurred.  Venue for claims challenging the conditions of confinement in a prison located in Arizona normally lies in the District of Arizona.  *See* 28 U.S.C. § 1391.

---

[1]*See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

Because he does not plausibly allege that he is in imminent danger of serious physical injury, Grandinetti may not proceed in forma pauperis in this action. The June 17, 2019 Deficiency Order, ECF No. 2, is VACATED and any request to proceed in forma pauperis in this action is DENIED.

The Complaint and this action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). Grandinetti may reassert these claims in a new action in Arizona with concurrent payment of the full civil filing fee. The Clerk is directed to terminate this case. The Court will take no further action in this case beyond processing any notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 8, 2019.



　　　　　　　　　　/s/ Jill A. Otake
Jill A. Otake
United States District Judge

*Grandinetti v. Thomas, et al.*, No. 1:19-cv-00312 JAO-KJM; 3 Stks 19, Grandinetti 19-312 jao (VAC def. ord., dny IFP, dsm)